IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWSON DENG,

    Plaintiff,

  v.

SEARCHFORCE, INC.,

    Defendant.

No. C 11-00254 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this employment dispute, defendant moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

In February 2005, Defendant SearchForce, Inc., hired Plaintiff Lawson Deng. Plaintiff alleges that he was the first employee SearchForce hired, and was "key in making SearchForce a viable company" (Compl. ¶ 5). "His responsibilities ranged from financial planning, marketing, sales, operations, human resources, and a variety of other duties in establishing SearchForce" (*ibid.*). Because defendant could not afford to pay plaintiff a regular salary at that time, defendant allegedly "promised to pay Plaintiff $50,000 for his services as soon as SearchForce was profitable enough to make the payment" (*id.* ¶ 6). Relying on this promise, plaintiff allegedly worked without receiving regular compensation until February 2006.

1   In February 2006, plaintiff began to receive a regular salary. Defendant, however,
2  continued to claim that it was unable to pay plaintiff the $50,000 it had promised him. Plaintiff
3  alleges that during this time, he regularly worked more than 40 hours a week, but was not paid
4  for overtime.

5   In December 2008, plaintiff's employment was terminated. After being terminated,
6  plaintiff demanded the $50,000 from defendant. Plaintiff alleges he was initially told that
7  defendant was still unable to pay him the $50,000, but more recently was told that defendant had
8  no obligation to pay him.

9   Plaintiff commenced this action in state court on December 3, 2010. Plaintiff asserted
10 four causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and
11 fair dealing; (3) failure to pay overtime in violation of California Labor Code Section 1194; and
12 (4) failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. 20. On
13 January 18, defendant removed the action. Defendant now seeks dismissal of the complaint
14 under Federal Rule of Civil Procedure 12(b)(6).

**ANALYSIS**

16   To survive a motion to dismiss, a complaint must contain sufficient factual matter,
17 accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v.*
18 *Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient
19 factual allegations to draw a reasonable inference that defendants are liable for the misconduct
20 alleged. While a court "must take all of the factual allegations in the complaint as true," it is
21 "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50
22 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of
23 law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a
24 claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

   **A.   BREACH OF CONTRACT**

26   In his first claim, plaintiff alleges that by failing to pay plaintiff $50,000, defendant
27 breached its oral contract with plaintiff. Defendant argues that this claim should be dismissed
28 because plaintiff has not pled sufficient facts to establish breach of an oral contract. Defendant

is correct. As this issue is dispositive, defendant's alternative arguments in support of its motion to dismiss the first claim will not be addressed.

The elements of a breach of contract claim are (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages. *First Commercial Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). Here, plaintiff alleges that the CEO of SearchForce "promised to pay Plaintiff $50,000 for his services as soon as SearchForce was profitable enough to make the payment" (Compl. ¶ 6). Plaintiff further alleges that throughout his employment and upon his termination, defendant asserted that it was unable to pay plaintiff the $50,000. Plaintiff has not alleged enough facts to show that the oral agreement was breached. That is, plaintiff never alleges that defendant grew "profitable enough" to pay him the $50,000. In his opposition brief, plaintiff argues only that under the relevant pleading standards, plaintiff "has stated a claim for breach of contract," without showing exactly how plaintiff satisfied each element of a breach of contract claim (Opp. 4). Such a conclusory argument is unconvincing. Plaintiff has not pled enough facts to show that an oral contract between plaintiff and defendant has been breached. Accordingly, defendant's motion to dismiss the first claim is **GRANTED**.

### B. BREACH OF IMPLIED COVENANT

In his second claim, plaintiff alleges that when defendant failed to pay plaintiff $50,000, defendant breached the duty of good faith and fair dealing that its oral agreement to pay plaintiff $50,000 imposed on defendant. Defendant argues that this claim should be dismissed because plaintiff has not pled sufficient facts to establish a breach of the covenant. Defendant is correct. As this issue is dispositive, defendant's alternative arguments in support of its motion to dismiss the second claim will not be addressed.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1021–22 (N.D. Cal. 2009) (Hamilton, J.) (citation omitted). Here, plaintiff has not pled sufficient facts to show that defendant frustrated plaintiff's right to receive the benefits

3

of the agreement. Plaintiff alleges that this covenant of good faith and fair dealing was created by the oral agreement to pay plaintiff $50,000. Plaintiff further alleges that throughout his employment and upon his termination, defendant asserted that it was unable to pay plaintiff the $50,000. Plaintiff has not alleged enough facts to show that defendant breached its duty of good faith and fair dealing. That is, plaintiff never alleges defendant grew "profitable enough" to pay him the $50,000. In his opposition brief, plaintiff argues only that under the relevant pleading standards, plaintiff "has stated a claim" for breach of the covenant of good faith and fair dealing (Opp. 4). As stated above, such a conclusory argument is unconvincing. Plaintiff has not pled enough facts to show that defendant breached the covenant of good faith and fair dealing. Accordingly, defendant's motion to dismiss the second claim is **GRANTED**.

### C.  FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE SECTION 1194

In his third claim, plaintiff alleged that from February 2005 to December 2008, defendant failed to pay him for overtime in violation of California Labor Code Section 1194. Defendant argues that this claim should be dismissed because (1) plaintiff has released defendant from this claim, (2) plaintiff has alleged job responsibilities that exempt him from the California overtime requirement, and (3) this claim is time-barred.

#### 1. Release Agreement

Defendant argues that plaintiff has released defendant from this claim. On January 29, 2009, plaintiff signed a release agreement. Under this agreement, plaintiff gave up his right to assert certain claims relating to his employment against defendant, in return for severance payment. Specifically, plaintiff agreed to:

> [K]nowingly and voluntarily release and forever discharge the Company . . . from any and all claims, or causes of action, of any nature whatsoever, known or unknown (the "Release"). This Release includes, without limitation, any rights or claims relating in any way to [plaintiff's] employment relationship with [the Company], or the termination thereof, or arising under any statute or regulation, including, but not limited to, any rights or claims [plaintiff] may have under . . . the Fair Labor Standards Act . . . or any other federal, state, or local laws or regulations prohibiting employment discrimination, including but not limited to, the California Labor Code.

4

(Mugmon Decl. Exh. A ¶ 3). This release agreement applies to plaintiff's claim for failure to pay overtime in violation of Section 1194.

Plaintiff argues that because the release agreement was not appended to the complaint, the court may not consider it while ruling on the motion to dismiss. It is true that when ruling on a motion to dismiss, courts generally may rely only on facts alleged in the complaint or in documents attached to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Under the doctrine of incorporation by reference, however, courts may consider a given document when "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citations omitted).

Here, the complaint necessarily relies on the severance agreement, as it alleges that plaintiff "was never given his Severance from SearchForce for the last two weeks he worked," and requests that he be "awarded an amount equal to his *unpaid severance agreement*" (Compl. ¶ 10; Prayer ¶ 1 (emphasis added)). Furthermore, plaintiff does not question the severance agreement's authenticity or relevance. Rather, plaintiff argues that the agreement is void and unenforceable because defendant has not paid plaintiff the promised severance. Even if the agreement were void and unenforceable, however, this would not prevent its incorporation into the complaint. Accordingly, the severance agreement is incorporated by reference into the complaint.

Under California law, a party may rescind a contract if the other party fails to provide the agreed upon consideration. CAL. CIV. CODE § 1689(b)(2), (b)(4). Here, plaintiff has alleged that defendant failed to pay plaintiff severance upon the termination of his employment, in consideration for the release agreement. Because defendant has allegedly failed to provide plaintiff with consideration, plaintiff may treat the contract as rescinded and bring this claim.

Defendant argues that "[b]y choosing to sue for breach of the severance agreement to recover damages in an amount equal to his unpaid severance agreement, Plaintiff has acknowledged that the agreement continues in full force" (Reply 3 (internal quotation marks and

5

citation omitted)). Defendant is correct that "[a]n action for rescission and an action for breach of contract are alternative remedies. The election of one bars recovery under the other." *Akin v. Certain Underwriters at Lloyd's London*, 140 Cal. App. 4th 291, 296 (2006) (citation omitted). Here, however, plaintiff is not suing for breach of the severance agreement. Although plaintiff does request that he be awarded the amount owed to him under the severance agreement in his prayer for relief, plaintiff's claims are for breach of contract, breach of implied covenant of good faith and fair dealing, and failure to pay overtime; plaintiff has not brought a claim for breach of the severance agreement. Accordingly, plaintiff's third claim is not barred by the release agreement.

### 2. Administrative Exemption to Overtime Requirement

Defendant also argues that this claim should be dismissed because plaintiff has alleged job responsibilities that exempt him from Section 1194. Section 1194 permits workers to sue for unpaid overtime. Administrative employees, however, are exempt from overtime requirements. CAL. LABOR CODE § 515(a). For the administrative exemption to apply, the employee must:

> (1) perform office or non-manual work directly related to management policies or general business operations of the employer or its customers, (2) customarily and regularly exercise discretion and independent judgment, (3) perform under only general supervision work along specialized or technical lines requiring special training or execute under only general supervision special assignments and tasks, (4) be engaged in the activities meeting the test for the exemption at least 50 percent of the time, and (5) earn twice the state's minimum wage. Stated in the conjunctive, each of the five elements must be satisfied to find the employee exempt as an administrative employee.

*Eicher v. Advanced Bus. Integrators, Inc.*, 151 Cal. App. 4th 1363, 1371–72 (2007) (internal quotation marks, brackets, and footnote omitted).

Defendant argues that plaintiff has pled himself into the administrative exemption because the complaint alleges that he (1) performed work related to management or general business operations and (2) regularly exercised discretion and independent judgment. Defendant never addresses whether the last three factors are met. As all five factors must be met for the administrative exemption to apply, this order declines to find that the exemption applies. This order also declines to comment on whether the first two factors of the exemption are met.

6

### 3. **Statute of Limitations**

In addition, defendant argues that this claim is partially barred by the applicable statute of limitations. A claim for unpaid overtime under Section 1194 is limited to the three years preceding the filing of the action. *See* CAL. CODE CIV. PROC. § 338(a) (establishing a three-year statute of limitations for "[a]n action upon a liability created by statute").

Plaintiff originally filed his lawsuit on December 3, 2010. Accordingly, overtime payment claims for pay periods predating December 3, 2007, are barred by the applicable statute of limitations. Furthermore, plaintiff was terminated from SearchForce on December 31, 2008 (Mugmon Decl. Exh. A ¶ 1). Plaintiff may not recover overtime pay for the period after he was terminated by SearchForce. Plaintiff, therefore, may only recover overtime pay for the period between December 3, 2007, and December 31, 2008. Defendant's motion to dismiss plaintiff's third claim is **GRANTED IN PART AND DENIED IN PART**.

### D. **FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. 201**

In his fourth claim, plaintiff alleges that from September 10, 2008, to February 26, 2010, defendant failed to pay him for overtime in violation of 29 U.S.C. 201. Defendant argues that the fourth claim should be dismissed because (1) plaintiff has alleged job responsibilities that exempt him from the FLSA overtime requirement, and (2) this claim is time-barred.

#### 1. **Administrative Exemption to Overtime Requirement**

Defendant argues that the fourth claim should be dismissed because plaintiff has alleged job responsibilities that exempt him from the FLSA overtime requirement. Under 29 U.S.C. 207, workers must be paid overtime for work performed in excess of 40 hours per week. Administrative employees, however, are exempt from this overtime requirement. *See* 29 U.S.C. 213(a)(1). Defendant argues that plaintiff has pled himself into the federal administrative exemption for the same reasons that he pled himself into the California administrative exemption. *See Combs v. Skyriver Commc'ns, Inc.*, 159 Cal. App. 4th 1242, 1255 (2008) (explaining that California's administrative exemption "closely parallels the federal regulatory definition of the same exemption"). For the reasons stated above, this order declines to find that the federal administrative exemption applies.

7

### 2. Statute of Limitations

Defendant also argues that this claim is time-barred. Claims brought under the FLSA must be "commenced within two years after the cause of action accrued, . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. 255(a). For unpaid wage claims, a cause of action accrues "the day the employee's paycheck is normally issued, but isn't." *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993) (citations omitted).

Defendant argues that a two-year statute of limitations applies. Plaintiff does not respond to this argument. As the complaint was originally filed on December 3, 2010, plaintiff's claims that accrued prior to December 3, 2008, are barred by the statute of limitations. Furthermore, plaintiff was terminated by SearchForce on December 31, 2008 (Mugmon Decl. Exh. A ¶ 1). Plaintiff may not recover overtime pay for the period after he was terminated by SearchForce. Plaintiff, therefore, may only recover overtime pay for the period between December 3, 2008, and December 31, 2008. Accordingly, defendant's motion to dismiss plaintiff's fourth claim is **GRANTED IN PART AND DENIED IN PART**.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's first and second claims are dismissed in their entirety. Plaintiff's third and fourth claims are dismissed in part and remain in part. As for the third claim, plaintiff may proceed on his claim for overtime pay only for the period between December 3, 2007, and December 31, 2008. As for the fourth claim, plaintiff may proceed on his claim for overtime pay only for the period between December 3, 2008, and December 31, 2008.

Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.

The hearing scheduled for March 24, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9