1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   LAWSON DENG,                                    No. C 11-00254 WHA

11              Plaintiff,

12      v.                                           **ORDER GRANTING**
                                                     **PLAINTIFF'S MOTION FOR**
13   SEARCHFORCE, INC.,                              **LEAVE TO FILE AN**
                                                     **AMENDED COMPLAINT AND**
14              Defendant.                           **VACATING HEARING**

15   _____/

16                                  **INTRODUCTION**

17         After an order granted in part and denied in part defendant's motion to dismiss, plaintiff

18   now files a motion for leave to file an amended complaint.  For the reasons stated below,

19   plaintiff's motion is **GRANTED**.

20                                    **STATEMENT**

21         In February 2005, defendant SearchForce, Inc., hired plaintiff Lawson Deng.  The

22   proposed amended complaint alleges:

23         Plaintiff entered into an oral contract with SearchForce's CEO at the time, Samir
           Patel.  The contract called for Plaintiff to provide whatever assistance he could in
24         making Searchforce a viable company.  His responsibilities would range from
           financial planning, marketing, sales, operations, human resources, and a variety of
25         other duties in establishing SearchForce.  In exchange for this performance,
           Searchforce would pay Plaintiff $50,000 as soon as it was financially able to do
26         so.

27   (First Amend. Compl. ¶ 4).  Relying on this promise, plaintiff allegedly worked without receiving

28   compensation until February 2006.  Plaintiff then began to receive a regular salary.  Defendant

     continued to claim that it was not financially able to pay plaintiff the $50,000, however.  In

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   December 2008, plaintiff's employment was terminated.  Plaintiff thereafter demanded the

2   $50,000 from defendant.  Plaintiff alleges he was initially told that defendant was still unable to

3   pay him the $50,000, but more recently was told that defendant had no obligation to pay him (*id.*

4   at ¶¶ 7–9).

5        Plaintiff's original complaint asserted four claims: (1) breach of contract; (2) breach of the

6   implied covenant of good faith and fair dealing; (3) failure to pay overtime in violation of

7   California Labor Code Section 1194; and (4) failure to pay overtime in violation of the Fair Labor

8   Standards Act, 29 U.S.C. 201 *et seq.*  Defendant moved to dismiss and an order granted in part

9   and denied in part defendant's motion.  Plaintiff thereafter filed a motion for leave to file an

10  amended complaint, appending thereto a proposed amended complaint.  It asserts three claims:

11  (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and

12  (3) promissory estoppel.  Defendant opposes the motion for leave to file.  Plaintiff did not file a

13  reply brief.

14                              **ANALYSIS**

15       Leave to amend a deficient complaint should be freely given when justice so requires, but

16  leave may be denied if amendment of the complaint would be futile.  FRCP 15(a)(2); *Gordon v.*

17  *City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

18       A prior order granted defendant's motion to dismiss because plaintiff had not put forth any

19  factual allegations of a breach of the alleged contract, *i.e.*, "plaintiff never allege[d ]defendant

20  grew 'profitable enough' to pay him the $50,000" (Dkt. No. 15 at 3–4).  The proposed amended

21  complaint alleges the following: "Plaintiff is informed, and thereupon believes, that Searchforce

22  is now, and has since he left in December 2008 that the company is currently financially able to

23  pay the amount owed to him under the contract" (First Amend. Compl. ¶ 10).  Defendant argues

24  that this is not sufficient to plead a breach because "it cannot suffice as a plausible assertion that a

25  contract was breached" (Opp. 3).  Not so.  Plaintiff has added the factual allegation that was

26  missing from the original complaint.

27       Defendant cites *Kemp v. International Business Machines Corp.*, No. C-09-4683 MHP,

28  2010 WL 4698490, at *4 (N.D. Cal. Nov. 8, 2010), for the proposition that a plaintiff cannot

1   "unlock the doors of discovery" by alleging an element to a claim "based upon information and

2   belief" and "without providing some specific facts that would assure the court that there is some

3   plausible basis for liability."  There is no rule that a plaintiff may never use the phrase "upon

4   information and belief."  The point is that, regardless of whether a plaintiff uses such phrase, the

5   complaint must include factual allegations to state a claim.  The complaint in *Kemp* did not.  Our

6   proposed amended complaint does.

7          Defendant also argues that the factual allegations regarding the existence of a contract are

8   too vague to state a claim because they "[lack] any meaningful factual allegation that a contract

9   was ever formed" (Opp. 2).  Not so.  The complaint alleges the terms of the contract, the

10   individuals involved, the time of the agreement, and performance by plaintiff.  The complaint

11   contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

12   face.  FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

13          Defendant next argues that plaintiff's breach of contract claim is time-barred.  The parties

14   agree that there is an applicable two-year statute of limitations, running from the time of breach

15   (Opp. 3; Dkt. No. 13 at 5).  CAL. CODE CIV. P. § 339(1); *see also Menefee v. Ostawari*, 228 Cal.

16   App. 3d 239, 246 (1991) ("a cause of action for breach of contract ordinarily accrues at the time

17   of breach").  The following is the only allegation in the proposed amended complaint that places

18   the alleged breach in time: "Plaintiff is informed, and thereupon believes, that Searchforce is now,

19   and has since he left in December 2008 that the company is currently financially able to pay the

20   amount owed to him under the contract" (First Amend. Compl. ¶ 10).  Although this language is

21   unclear, it seems to state that the breach began as early as December 2008.  Plaintiff filed this

22   action on December 3, 2010.  It is therefore possible that plaintiff's claims are time-barred.  As

23   stated, however, the complaint could place the beginning of the breach within the two-year statute

24   of limitations.  The decisions cited by defendant do not concern factual allegations allowing for

25   such possibility.  Plaintiff's claim for breach of contract will therefore not be dismissed as barred

26   by the statute of limitations at this time.  This order is without prejudice to defendant raising a

27   statute of limitations argument again once the facts related to the beginning of the limitations

28   period are fully developed.

Defendant's arguments regarding plaintiff's breach of covenant claim mirror its arguments regarding the contract claim and thus fail for the same reasons.  Plaintiff's proposed promissory estoppel claim is new.  It was not asserted in plaintiff's original complaint, but plaintiff has added it to his proposed amended complaint.  Defendant assumes that the breach of contract claim should be dismissed and thus argues that the promissory estoppel claim should fail too, so as to not allow an end-run around pleading a contract claim.  This argument fails at its initial assumption.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is **GRANTED**.  Plaintiff shall please file his proposed amended complaint as his amended complaint on the docket by **APRIL 29, 2011**.  The answer is due 21 days after the amended complaint is filed.  There will be no more Rule 12 motion practice, please.  The motion hearing on May 5, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated:  April 25, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

4